**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30161 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00042-RSM |
| v. | |
| JONATHAN PIERCE BOOTHE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jonathan Pierce Boothe appeals from the district court's judgment and

challenges his guilty-plea convictions and 72-month aggregate sentence for bank

fraud, in violation of 18 U.S.C. §§ 2 and 1344; aggravated identity theft, in

violation of 18 U.S.C. §§ 2 and 1028A; and being a felon in possession of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Boothe's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  We have provided Boothe the opportunity to file a pro se supplemental brief.  No pro se supplemental brief or answering brief has been filed.

Boothe waived his right to appeal his conviction and sentence.  Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver, except that the waiver is invalid as to the restitution order because, at the time of the waiver, Boothe was not provided with any estimate of the restitution amount.  *See United States v. Tsosie*, 639 F.3d 1213, 1217 (9th Cir. 2011).  Nonetheless, our independent review of the record discloses no arguable grounds for relief as to the restitution order.  We accordingly affirm the restitution order.  We dismiss the remainder of the appeal in light of the valid appeal waiver.  *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**